FILED
2020 NOV 19 AM 3:31
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

CLINTON STRANGE,

Plaintiff

v.

Case: 2:20-cv-00828
Assigned To : Pead, Dustin B.
Assign. Date : 11/20/2020
Description: Strange V. Clear Link
Technologies

CLEAR LINK TECHNOLOGIES, LLC d/b/a USDIRECT,

a Utah Domestic Limited Liability Company

***JURY TRIAL DEMANDED***

CIVIL ACTION COMPLAINT

FOR WILLFUL & KNOWING VIOLATIONS OF:

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

&

THE UTAH TELEPHONE AND FACSIMILE SOLICITATION ACT OF 2003

## PRELIMINARY STATEMENTS:

1. Plaintiff *pro se* Clinton Strange brings this private consumer protection enforcement action in good faith against CLEAR LINK TECHNOLOGIES, LLC d/b/a USDIRECT, a Utah Domestic Limited Liability Company (Defendant) for *alleged* willful and knowing violations of THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA") & THE UTAH TELEPHONE AND FACSIMILE SOLICITATION ACT OF 2003 "UTAFSA").

2. Plaintiff seeks a maximum award of recovery of all clerk fees; statutory damages; and attorney fees (if any) together along with costs associated with bringing and litigating the action; and post judgement interest; plus, injunctive relief enjoining Defendant from future violations.

## JURISDICTION & VENUE:

3. Jurisdiction primarily arises in this U.S. District Court under a Federal Question pursuant to 28 U.S.C. § 1331 (the TCPA is a Federal Statute).

4. Supplemental Jurisdiction would be properly applied (relevant to Plaintiff's State Law Claims) in this action because the Utah Supreme Court has ruled that the UTAFSA is not pre-empted by Federal Statute (specifically the TCPA) pursuant to 28 U.S.C. § 1367 and *UTAH DIV. OF CONSUMER PROT. v. FLAGSHIP CAPITAL* - Supreme Court of Utah No. 20040172 (November 8, 2005) finding [1]

---

1 : at ¶ 23 "Having concluded that the TCPA does not preempt the Utah laws either expressly or impliedly, we need not address the question of whether preemption is a jurisdictional question. Rather, because the Utah laws are independently valid, the district court had subject matter jurisdiction over this case."

5.  Venue lies properly in this U.S. District Court because the Defendant can be found here (and their "nerve center" is present here) pursuant to 28 U.S.C. § 1391. Plaintiff also consents to the personal jurisdiction of this court.

## THE PARTIES:

6.  Plaintiff CLINTON STRANGE is an adult individual residing at the address of:

CLINTON STRANGE

7021 WINBURN DRIVE

GREENWOOD, LA 71033

7.  Defendant CLEAR LINK TECHNOLOGIES, LLC d/b/a USDIRECT is a Utah Domestic Limited Liability Company that engages in telephonic marketing of AT&T/DirecTV's products, goods, and services. The Defendant can be properly served by their registered agent on file with the Utah Secretary of State at the following address:

MATTHEW LOWE

c/o: CLEAR LINK TECHNOLOGIES, LLC

5202 W DOUGLAS CORRIGAN WAY

Salt Lake City, UT 84116

## THE FACTUAL ALLEGATIONS:

## SECTION I:

## THE ALLEGED BACKGROUND PRECEEDING THE CALLS

8.  Defendant entered into a written contract, mise, and or agreement (preceding the dates in which Plaintiff was harmed) with DirecTV and or affiliates (AT&T / DirecTV) to sell DirecTV residential services to U.S. Consumers Nationwide.

9.  Defendant's privacy policy (last updated December 12, 2019) states (under the section captioned as "TELEMARKETING") that they utilize an Automatic Telephone Dialing

System (ATDS) and utilize pre-recorded voice messages. [Ref priv policy pg 7/9 top @ https:/www.usdirect.com/privacy-policy – page last visited 06/25/2020 [See Exhibit A]

10. Defendant responded to a consumer Better Business Bureau ("BBB") complaint on 11/02/2017 indicating that the Defendant's primary forms of marketing AT&T/DirecTV Services are exclusively "over the internet and telephone" [See Exhibit B].

**SECTION II:**

**THE ALLEGED CALLS THAT WERE WILLFUL AND KNOWINGLY PLACED TO PLAINTIFF'S REGISTERED CELLPHONE**

11. Defendant is or reasonably should be aware of Plaintiff's claims in this action as he represents that he served them with a notice of claim prior to filing of the lawsuit) [See Exhibit C].

12. On 11/08/2019 at 12:53 CST-while Plaintiff was at his residence in Caddo Parish, LA Defendant (or an entity acting directly on behalf of the Defendant) placed an autodialed and or pre-recorded voice call to his (Plaintiff's) cellphone number 318-423-5057 that played a pre-recorded voice message that said " *This is a courtesy call for AT&T and DIRECTV customers. We have a promotion running, in which we are helping our customers dropping down their monthly bills. So, if you are not happy with bills and wanna lower your bills, press one. If you wanna be taken off the list, press two. If you wanna speak with one of our promotional specialists, please press zero.*" Defendant's agent "Andrew" disconnected the call before the Plaintiff was "vetted" as a prospective "lead" for Defendant's offer.

13. On 11/09/2019 at 13:25 CST- while Plaintiff was at his residence in Caddo Parish, LA Defendant (or an entity acting directly on behalf of the Defendant) placed an autodialed and or pre-recorded voice call to his (Plaintiff's) cellphone number 318-423-5057 that

played a pre-recorded voice message that said " *This is a courtesy call for AT&T and DIRECTV customers. We have a promotion running, in which we are helping our customers dropping down their monthly bills. So, if you are not happy with bills and wanna lower your bills, press one. If you wanna be taken off the list, press two. If you wanna speak with one of our promotional specialists, please press zero.*" Defendant's agent "Nick" disconnected the call before the Plaintiff was "vetted" as a prospective "lead" for Defendant's offer. Nick did misrepresent Defendant's true relationship with AT&T/DirecTV.

14. On 11/22/2019 at 17:40 CST- while Plaintiff was at his temporary residence residence in Dallas, Texas the Defendant phoned the Plaintiff via an ATDS that played a pre-recorded voice message that interrupted Plaintiff's meal / Snack time with his Mother (a Family member). Plaintiff answered the call that was placed to his cellphone number 318-423-5057 and a pre-recorded voice message played stating "*This is a courtesy call for AT&T and DIRECTV customers. We have a promotion running, in which we are helping our customers dropping down their monthly bills. So, if you are not happy with bills and wanna lower your bills, press one. If you wanna be taken off the list, press two. If you wanna speak with one of our promotional specialists, please press zero.*". The Plaintiff answered the call and spoke to an agent who failed to identify his "name" but did state that he was calling on behalf of AT&T / DirecTV. Plaintiff reiterated his do-not-call request to that person and has since received no further calls that he can plausibly connect to the Clear Link / USDIRECT Defendants (named in this action at this time – This statement excludes AT&T / DirecTV and their holdings affiliates & subsidiaries).

## SECTION III:

## THE ALLEGED REQUESTS FOR THE CALLS TO STOP

15. Plaintiff filed a claim with AT&T/DirecTV regarding the calls through AT&T's Office for Dispute Resolution prior to the offending calls on or around October 2019.

16. Plaintiff requested that these calls stop because he hates unsolicited autodialed calls that play telemarketing pre-recorded voice messages because they exhaust the Plaintiff's time (waste his time) and are a nuisance and an annoyance and the calls placed to his cellphone trespass on the Plaintiff's Louisiana Chattel and deplete the Plaintiff's cellphone battery by causing his cellphone to illuminate, vibrate, and chime and also cost Plaintiff minutes off his monthly Verizon Wireless Cellphone plan.

## SECTION IV:

## THE PLAINTIFF'S ATTEMPTS TO MITIGATE HIS DAMAGES

17. Plaintiff registered his cellphone number (318) 423-5057 on the FTC Do-not-call registry and the Louisiana DNC Program Registry over 31 days prior to the calls listed and or documented.

18. Plaintiff made numerous complaints with AT&T's Office of the President (regarding these calls) prior to the cessation of the calls made by Defendant.

19. Plaintiff voiced a Don't call request (or alternatively what should have been construed as a Don't call request) during the calls to Defendant's agents.

## THE COUNTS & CAUSES OF ACTION:

## COUNT I:

## VIOLATIONS OF 47 USC 227(b) – AUTODIALED CALLS TO A CELLPHONE THAT PLAYED A PRERECORDED VOICE

20. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

21. All of the Defendant's 3(Three) documented calls played a pre-recorded voice message that was pre-authorized by the Defendant. This conduct shows that Defendant's conduct was pre-meditated and also willful and knowingly carried out.

22. The Plaintiff represents that based on these set of facts that the Court (or trier of fact) should find that Defendant willfully & knowingly violated this section of the TCPA and award Plaintiff damages of $1500.00 per violation under this Count. There were Three such violations that total $4,500.

## COUNT II:

### VIOLATIONS OF 47 USC 227(c)(5)(C)
### UNSOLICITED CALLS TO A NUMBER REGISTERED ON THE FEDERAL DO-NOT-CALL LIST

23. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein. Plaintiff uses his cellphone residentially for medical and home entertainment purposes (i.e. … Google Chromecast content streaming to his home television set, a bedside alarm clock a cooking timer for (18 minutes rice -22 minutes cornbread 4-years Donald Trump), and V.A. Medical connectivity through the "vetsapp" to his Medical and VA Mental Health practitioners.

24. Plaintiff's cellphone # 318-423-5057 has been registered on the Federal Do-Not-Call List since Jan 3. 2018 and on the State of Louisiana Do-Not-Call- Program Registry since August 8, 2018.

25. Plaintiff represents to the Court that Defendant never had consent to place these calls as referenced above. The Defendants contracted with a third party to place calls via an ATDS on their behalf, broadcast a pre-recorded voice message as referenced above, and display Defendant's Caller ID information in conjunction with the calls.

26. Plaintiff alleges that based on these set of facts that the Court (or trier of fact) should find that Defendant willfully & knowingly violated this section of the TCPA and award Plaintiff damages of $1500.00 per violation under this Count. There were Three such violations that total $4,500.

## COUNT III:

## PRIVATE RIGHT OF ACTION UNDER UTAH'S TELEPHONE AND FACSIMILE SOLICITATION ACT OF 2003

### Utah Telephone and Facsimile Solicitation Act, Utah Code Ann. §§ 13-25a-107

27. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

28. When Defendant's telemarketers lied to (and or deceived) Plaintiff about their true identity it made it difficult or alternatively impossible to communicate a proper cease and desist demand outside of an oral request.

29. The fact that the calls were authorized by and or placed on Defendant's behalf makes them liable to the Plaintiff for damages under this count (cause of action).

30. Plaintiff alleges that Defendant intentionally, willfully, and knowingly violated Utah Code Ann. §§ 13-25a-107 by offering services as defined by 13-25a-102(7)(c)(1) to a consumer by means of an ATDS as defined by Utah Code Ann. §§ 13-25a-102 (2)(A)(ii) on 11/08/2019.

31. Plaintiff alleges that Defendant intentionally, willfully, and knowingly violated Utah Code Ann. §§ 13-25a-107 by offering services as defined by 13-25a-102(7)(c)(1) to a consumer by means of an ATDS as defined by Utah Code Ann. §§ 13-25a-102 (2)(A)(ii) on 11/09/2019.

32. Plaintiff alleges that Defendant intentionally, willfully, and knowingly violated Utah Code Ann. §§ 13-25a-107 by offering services as defined by 13-25a-102(7)(c)(1) to a consumer by means of an ATDS as defined by Utah Code Ann. §§ 13-25a-102 (2)(A)(ii) on 11/22/2019.

33. Plaintiff alleges that Defendant intentionally, willfully, and knowingly violated Utah Code Ann. §§ 13-25a-107 by offering services as defined by 13-25a-102(7)(c)(1) to a consumer by means of an ATDS as defined by Utah Code Ann. §§ 13-25a-102 (2)(A)(iii)

34. Plaintiff alleges that on November 8, 2019 at 12:53pm CST Defendant intentionally, willfully, and knowingly violated Utah Code Ann. §§ 13-25a-107 by offering services as defined by 13-25a-102(7)(c)(1) to a consumer by means of an ATDS as defined by Utah Code Ann. §§ 13-25a-102 (2)(A)(iii).

35. Plaintiff alleges that on November 9, 2019 at 1:25pm CST Defendant intentionally, willfully, and knowingly violated Utah Code Ann. §§ 13-25a-107 by offering services as defined by 13-25a-102(7)(c)(1) to a consumer by means of an ATDS as defined by Utah Code Ann. §§ 13-25a-102 (2)(A)(iii).

36. Plaintiff alleges that on November 22, 2019 at 5:40pm CST Defendant intentionally, willfully, and knowingly violated Utah Code Ann. §§ 13-25a-107 by offering services as defined by 13-25a-102(7)(c)(1) to a consumer by means of an ATDS as defined by Utah Code Ann. §§ 13-25a-102 (2)(A)(iii).

37. Plaintiff is a "person" who has received two or more telephone solicitations or facsimile advertisements from the same individual or entity that:(A) violates this chapter; or (B) violates Title 47 U.S.C. 227; and (ii) the person, following the first telephone solicitation

or facsimile advertisement, notified the sender of the person's objection to receiving the telephone solicitation or facsimile advertisement:

38. (2) In a suit brought under Subsection (1): (a) a person may: (i) recover the greater of $500 or the amount of the pecuniary loss, if any; (ii) recover court costs and reasonable attorneys' fees as determined by the court; and (iii) seek to enjoin any conduct in violation of this chapter; and (b) the court may award a person <u>treble the amount</u> of the person's pecuniary loss, if the court finds that a violation was knowing and willful.

39. Plaintiff alleges that Defendant Willfully & Knowingly violated *at least* 6 (six) parts under this Utah statute and prays for $1,500 in damages *per violation* – Totaling $9,000 (Nine Thousand Dollars).

## THE PRAYER FOR RELIEF:

40. **WHEREFORE**, the Plaintiff respectfully prays that the Court will find Defendant liable

to Plaintiff for damages and subsequently award the Plaintiff damages against the

Defendant in the amount of $18,000 (Eighteen Thousand U.S. Dollars) based on the

foregoing broken down simply as below:

- Three (3) 47 USC 227(c)(5)(C) Willful & Knowing Do Not Call Violations ($4,500)

- Three Willful & Knowing (3) 47 USC 227(b) ATDS Calls (pre-recorded Voice calls to a

  cellphone) Violations ($4,500)

- (6) Six Utah Telephone and Facsimile Solicitation Act, Utah Code Ann. §§ 13-25a-107

  Violations ($9,000)

- Total violations of $18,000.00 (Eighteen Thousand U.S. Dollars)

- Plus, award Plaintiff injunctive relief, costs, interest, and fees along with such other and

  further relief the court deems necessary, just, & proper.

Respectfully Submitted,

X _Clinton Strange_       _11-11-2020_

Clinton Strange             Dated
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057
parsmllc@gmail.com